**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Buford Paya, )<br>)<br>Defendant. )<br>) | No.  CR-16-08189-PCT-SPL<br><br>**ORDER** |

The Court has received Defendant Buford Paya's ("Defendant") *pro se* Motion for Compassionate Release (Doc. 89), Defendant's appointed counsel's Amended Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 102), the Government's Response (Doc. 107), and Defendant's Reply (Doc. 108). For the following reasons, Defendant's Motion is denied.

**I.     BACKGROUND**

On June 17, 2017, Defendant pleaded guilty to Abusive Sexual Contact of a Child and was sentenced to a term of 87 months. (Docs. 73 at 1 & 86 at 1). Defendant has now served approximately 56 months of his sentence. (Doc. 102 at 6). He remains incarcerated in the medical center of the United States Penitentiary in Fort Worth, Texas. (*Id.* at 1). On August 30, 2021, Defendant filed a Motion to Reduce Sentence, seeking compassionate release under § 3582(c)(1)(A). (Doc. 89). Pursuant to General Order 20-28, the Federal Public Defender reviewed Defendant's filing and moved for appointed counsel for Defendant. (Doc. 93). This Court granted the motion and Defendant was appointed

counsel. (Doc. 94). On January 30, 2022, Defendant filed an Amended Motion for Compassionate Release (Doc. 102), arguing that release is appropriate because his advanced age (70 years old) and his numerous health problems present extraordinary and compelling reasons for relief in the context of this case and the COVID-19 pandemic. (Doc. 102 at 5–6). Defendant further argues that his time served, his good behavior in prison, and the fact that he will be on supervised release for the remainder of his life further support his argument by showing that he will not be a danger to the community. (*Id.* at 6–7).

## II.  LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Section 3582(c) provides an exception—commonly referred to as "compassionate release"—allowing the Court to reduce a sentence based on "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1). Originally, only the Director of the Bureau of Prisons could move for compassionate release under § 3582(c). The First Step Act of 2018 changed this, allowing for individual defendants to move for compassionate release themselves. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). To grant a motion for compassionate release under § 3582(c)(1), the Court must first find that Defendant has exhausted all administrative remedies. The Court may then reduce the term of imprisonment if it finds that "extraordinary and compelling reasons" exist to support the reduction. § 3582(c)(1)(A)(i). In addition, the Court must consider the applicable sentencing factors in 18 U.S.C. § 3553(a) and any applicable policy statements from the Sentencing Commission. § 3582(c)(1)(A).

Section 3582(c) does not define "extraordinary and compelling reasons." In a policy statement—U.S.S.G. § 1B1.13—the Sentencing Commission "has identified four categories that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all 'other reasons.'" *United States v. Prigge*, 2021 WL 3550207, No. CR-13-01363-001-PHX-GMS, at *1 (D. Ariz. Aug. 11, 2021) (quoting U.S.S.G. §

1B1.13, application note 1(A)–(D)).[1] The policy statement also provides that compassionate release is not appropriate unless "[t]he defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). In determining whether Defendant has shown extraordinary and compelling reasons to justify compassionate release, this Court looks to § 1B1.13 "only to inform its discretion, and not as binding authority." *Prigge*, 2021 WL 3550207, at *1, n.1.

### III. DISCUSSION

As an initial matter, there is no dispute that Defendant exhausted his administrative remedies before filing this motion. (Doc. 107 at 6 (Government conceding that "[i]n this case, the defendant has exhausted his administrative remedies")). Thus, the question is whether Defendant has shown extraordinary and compelling reasons to justify relief. Defendant argues that his risk of becoming severely ill if he were to contract COVID-19 is an extraordinary and compelling reason. He states that he is at heightened risk due to his advanced age (70 years old) and his numerous health conditions (tuberculosis, hypothyroidism, type-2 diabetes mellitus, hypertension, angina pectoris, chronic ischemic heart disease, heart failure, peripheral vascular disease, and morbid obesity). The Court will assume for purposes of deciding this Motion that these conditions in fact make Defendant more vulnerable to COVID-19.[2]

Defendant has, however, received two doses of the Pfizer COVID-19 vaccine. (Doc.

---

[1] "Though, by its terms, the current policy statement applies to motions for compassionate release filed by the BOP Director, it does provide helpful guidance given the commission has not amended the statement since the FSA was enacted or adopted a new policy statement applicable to motions filed by defendants." *Prigge*, 2021 WL 3550207, at *1, n.1; *see also Aruda*, 993 F.3d at 797 (holding the policy statement, U.S.S.G. § 1B1.13, is only persuasive, not binding, as to what constitutes "extraordinary and compelling" reasons on a defendant-filed compassionate release motion).

[2] Indeed, even the Government seems to concede that Defendant's myriad health conditions place him at a heightened risk of serious illness from COVID-19. (*See* Doc. 107 at 1 ("The government agrees that, in light of the increased risk of serious illness from COVID-19, the defendant's identified health conditions would usually present an extraordinary and compelling reason.")).

107 at 9). "Courts in this circuit have found that a defendant's receipt of the COVID-19 vaccine weighs against granting compassionate release because vaccination greatly reduces an individual's risk of experiencing a severe case of COVID-19." *United States v. Lipsey*, No. CR-07-01208-001-PHX-GMS, 2022 WL 180725, at *2 (D. Ariz. Jan. 20, 2022) (citing cases) (internal quotation marks omitted); *see also* CDC, *COVID-19 Vaccine Effectiveness Monthly Update*, https://covid.cdc.gov/covid-data-tracker/#vaccine-effectiveness (last accessed May 19, 2022). As Defendant argues, there is a possibility of a breakthrough infection despite his vaccination status. (Doc. 108 at 2). Still, as the CDC reports, "[e]ven when fully vaccinated people develop symptoms, they tend to be less severe symptoms than in unvaccinated people. This means they are much less likely to be hospitalized or die than people who are not vaccinated." CDC, *The Possibility of COVID-19 After Vaccination: Breakthrough Infections*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html (last accessed May 19, 2022). Thus, Defendant's vaccination status mitigates his risk of becoming severely ill due to COVID-19 such that the virus is not an extraordinary and compelling reason to grant compassionate release. *See United States v. Millard*, No. CR-15-01391-PHX-DGC, 2022 WL 279596, at *3–*4 (D. Ariz. Jan. 31, 2022) (denying compassionate release where defendant suffered from hypertension, diabetes, and severe obesity because defendant was vaccinated); *United States v. Nash*, No. CR-03-00059-001-PHX-JAT, 2021 WL 1969729, at *2 (D. Ariz. May 6, 2021) (listing cases) ("Courts in this circuit have found that a defendant's receipt of the COVID-19 vaccine weighs against granting compassionate release.").

The § 3553(a) sentencing factors also weigh against granting compassionate release to Defendant. The factors are:

> the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims.

*United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013). Defendant committed a repugnant, serious crime when he contacted a child in a sexually abusive manner. He pleaded guilty, and specifically admitted to intentionally touching an 11-year-old child on the child's clothed buttock while lying on a bed with the child in order to gratify his own sexual desire. (Doc. 73 at 7). This incident occurred on or about April 6, 2015, a mere seven years ago. (*Id.*). Since then, Defendant has served only about 56 months in prison— just over sixty percent of his 87-month sentence. The Court finds that releasing Defendant from prison now would not sufficiently account for the serious nature of his offense nor would it promote respect for the law by deterring others from similar criminal conduct. *See Millard*, 2022 WL 279596, at *5–*6 (listing cases) (finding that § 3553(a) sentencing factors weighed against granting defendant's motion in part because defendant "committed a heinous crime – sexual abusive contact of a minor").[3]

Finding no extraordinary or compelling reason to justify compassionate release, and finding that the applicable sentencing factors also weigh against relief,

**IT IS ORDERED** that Defendant's Amended Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 102) is **denied**.

Dated this 20th day of May, 2022.

Honorable Steven P. Logan
United States District Judge

---

[3] The Court is also unpersuaded by Defendant's other arguments—that is, that compassionate release is further justified by his good behavior in prison and the fact that he will be on supervised release for the rest of his life. (Docs. 102 at 6–7 & 108 at 3).

5